Raymond **GROSSMULLER**

v.

**INTERNATIONAL UNION, U.A.W.**

Civ.A.No. 80–297.

United States District Court,
E. D. Pa.

April 15, 1981.

Stephen G. Pollock, Philadelphia, Pa., for plaintiff.

Louis W. Fryman, Becker, Fryman & Karp, Philadelphia, Pa., for defendant Budd. Co. Consolidated Retirement Benefit Plan.

MEMORANDUM AND ORDER

GILES, District Judge.

This action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1381, charges improper termination of plaintiff's pension benefits. The defendants are plaintiff's former employer, his local union, the international union and the pension plan, the Budd Company Consolidated Retirement Plan ("Retirement Plan"). All defendants moved for

summary judgment. In a bench opinion on March 17, 1981, I granted the motion as to the first three defendants. *See, e. g., Boyer v. J. A. Majors Co. Employees' Profit Sharing Plan*, 481 F.Supp. 454, 458 (N.D.Ga. 1979); *Barrett v. Thorofare Markets, Inc.*, 452 F.Supp. 880, 884 (W.D.Pa.1978). A ruling as to the Retirement Plan was deferred pending the outcome of settlement discussions. These discussions have been unsuccessful, so I now must make my ruling. For the reasons which follow, the motion is denied.

■ Plaintiff's claims under ERISA can be divided into two categories. The first can be characterized as a substantive due process claim, *i. e.*, that the determination to revoke his benefits was erroneous. It is undisputed that under the terms of the retirement plan, an employee is not entitled to benefits if he engaged in regular employment for profit. It is undisputed that plaintiff was terminated because he was thought to be employed as a bartender. It is undisputed that the decision was based, at least in part, on a movie which the plan's board members said showed plaintiff working as a bartender. Finally, it is uncontested that the legal standard that I must apply is whether the decision was arbitrary.

At oral argument, counsel conceded that the film depicted plaintiff working as a bartender. He argued that the decision was arbitrary because of the absence of any independent evidence which showed that plaintiff was working either regularly or for profit.

Although a movie showing plaintiff tending bar might not convince me that plaintiff was regularly employed for profit, the opposite inference is not unreasonable. Thus, the termination decision itself was not arbitrary. On plaintiff's substantive due process claim, the Retirement Plan is entitled to a judgment as a matter of law on the undisputed material facts.

■ Plaintiff's second ERISA claim can be characterized one for deprivation of procedural due process. As a matter of law, he is entitled to "adequate notice" of his termi-

nation, and a "reasonable opportunity ... for a full and fair review." 29 U.S.C. § 1133. Plaintiff claims that he had no meaningful opportunity to present evidence showing that he was not gainfully employed. He argues that he was deprived of this opportunity either by a defect in the formal structure of the retirement plan or the actions of the plan's agents in implementing the plan.

The undisputed material facts follow. After the initial termination decision was reached, plaintiff wrote to the plan, stating that he had never been gainfully employed, and requesting a chance to appear before the Plan's local board and present evidence. The Plan replied by sending plaintiff a notice-of-appeal form which he filled out and returned. (His appeal was denied). The plan did not advise plaintiff as to whether or how he could present evidence. It is undisputed that plaintiff never presented evidence. Therefore, on the record before me, I am unable to find that both the structure and implementation of the termination procedures provided plaintiff both with an adequate opportunity to present evidence and a meaningful notification of whatever opportunity existed. I cannot conclude, as a matter of law, that plaintiff received adequate notice and a full and fair review. The motion must be denied as to the procedural claims.

At oral argument, an issue was discussed which is not directly raised by the motion— the remedy to which plaintiff would be entitled if he prevailed at trial. It is appropriate to discuss this now for the parties' benefit. Cases are sparse on this issue, but as a matter of common sense, a plaintiff is not entitled to a substantive remedy merely because of a procedural violation. *See Carey v. Piphus*, 435 U.S. 247, 260, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978). It, therefore, would seem that if plaintiff prevails at trial on his procedural claim, he would be entitled to an order requiring appropriate notice and hearing as "appropriate equitable relief," pursuant to 29 U.S.C. § 1132(a)(3)(B). If he prevailed at that hearing, he would be entitled to retroactive

benefits.[1] A substantive remedy—retroactive reinstatement—would be possible only if plaintiff also could show that the procedural defects caused the substantive violation.[2] Of course, any actual award could only be made after trial, briefing by the parties, and full reconsideration of this question.

Finally, plaintiff claims a violation of the United States Constitution by the Retirement Plan. Amended Complaint, ¶ 44. The allegation of state action is frivolous. Defendant is entitled to summary judgment.

---

1. If plaintiff could show that a full and fair hearing was no longer possible, he might be entitled to alternative equitable relief.

2. He also might be entitled to damages "actually caused by the denial of due process itself."

*Carey*, 435 U.S. at 263, 98 S.Ct. at 1052. *See id.* 263–64, 98 S.Ct. at 1052. Additionally, award of attorney's fees and costs is possible under 29 U.S.C. § 1132(g).