**Nancy P. WADE, Plaintiff**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant**

**No. 02–CV–105.**

United States District Court, D. Maine.

Feb. 4, 2003.

---

Jon Holder, Holder & Grover, Portland, for Nancy P Wade.

John J. Aromando, Pierce, Atwood, Mark E. Porada, Pierce, Atwood, Portland, for Life Insurance Company of North America.

## ORDER

SINGAL, Chief Judge.

Plaintiff brings an action against her long-term disability insurance provider alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (1999). Plaintiff seeks to recover the present value of all future benefits under her long-term disability plan. In the alternative, Plaintiff requests the reinstatement of her benefits and a "full and fair" review of the denial of her claim, claiming that "anything less [would] trespass" on her constitutional right to due process. (*See* Am. Compl. at 7). Presently before the Court is Defendant's Motion for Partial Summary Judgment and Partial Judgment on the Pleadings (Docket # 13).[1] For the reasons discussed below, the Court DENIES Defendant's Motion for Partial Summary Judgment and GRANTS Defendant's Partial Judgment on the Pleadings.

## I. STANDARD OF REVIEW

The Court grants a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under the applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). Facts may be drawn from "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Fed. R.Civ.P. 56(c). The Court views the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *McCarthy v. Northwest Airlines,* 56 F.3d 313, 315 (1st Cir.1995).

In addition, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "A dismissal on the pleadings is appropriate when the petitioner presents no material issue of fact to be resolved and the moving party is clearly entitled to judgment as a matter of law." *Lefebvre v. Commissioner,* 830 F.2d 417, 419 (1st Cir.1987) (per curiam). In resolving a motion for judgment on the pleadings, the Court must accept the claimant's material allegations as true, and draw all reasonable inferences in favor of the claimant. *Rivera–Gomez v. de Castro,* 843 F.2d 631, 635 (1st Cir.1988).

## II. BACKGROUND

Plaintiff Nancy Wade ("Wade") was employed by State Farm Insurance Company ("State Farm"). At all relevant times, State Farm provided its employees with various types of insurance coverage pursuant to a group employee welfare benefit plan (the "Plan"). Defendant Life Insurance Company of North America ("LINA") issued a group long-term disability insurance policy to the Plan (the "Policy"). The Policy provided State Farm's employees, including Wade, with certain benefits in the event that they became disabled under the terms of the Policy. Specifically, the Policy provided:

---

1. Defendant's Docket # 13 consists of two separate motions, namely Defendant's Motion for Partial Summary Judgment and Defendant's Motion for Partial Judgment on the Pleadings.

An Employee will be considered Disabled if because of Injury or Sickness, he is unable to perform all the essential duties of his occupation.

After Monthly Benefits have been payable for 24 months, an Employee will be considered Disabled only if he cannot actively work in any 'substantially gainful occupation' for which he is qualified or may reasonably become qualified by reason of his education, training or experience.

(*See* Decl. of Counsel in Supp. of Def.'s Mot. at Ex. A (Docket # 15).) The Summary Plan Document ("SPD") issued by the Plan set forth LINA's authority to interpret, construe and apply the terms of the Policy.

When Plaintiff submitted a claim for benefits under the Policy, LINA initially determined that Plaintiff was, in fact, "disabled" under the terms of the Policy and awarded her benefits. As Plaintiff approached the twenty-four month period, LINA requested updated medical records and information from Plaintiff and her treating physicians. After reviewing Plaintiff's updated medical records, LINA concluded that Plaintiff no longer satisfied the definition of "disabled" and denied further benefits. Plaintiff thereafter commenced this action.[2] In her Amended Complaint, Plaintiff alleges that Defendant wrongfully terminated her disability benefits. In addition, Plaintiff alleges that Defendant violated her constitutional right to due process by failing to provide a "full and fair review" of its decision to deny her claim, as mandated by 29 U.S.C. § 1133(2). Accordingly, Plaintiff seeks to recover the present value of all future benefits under her long-term disability plan. In the alternative, Plaintiff requests the reinstatement of her benefits as well as an opportunity to submit her claim to an "independent outside source with no financial interest in the outcome." (*See* Am. Compl. at 7).

In response, Defendant has moved for partial summary judgment on the standard of review applicable to this case. More specifically, Defendant has requested a ruling that the Court will review the underlying decision to deny Plaintiff's claim for benefits under an arbitrary and capricious standard of review, as opposed to a de novo standard. Additionally, Defendant has moved for partial judgment on the pleadings as to Plaintiff's demands for relief. The Court first discusses Defendant's request for partial summary judgment, and then discusses Defendant's request for partial judgment on the pleadings.

### III. DISCUSSION

#### A. Partial Summary Judgment on Standard of Review

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001—1461 (1999), regulates employee welfare benefit plans that provide benefits in the event of sickness, accident, disability or death. 29 U.S.C. § 1002(1); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Designed to provide consistency in how employers throughout the United States manage their benefit plans, ERISA sets forth six civil enforcement provisions. 29 U.S.C. § 1132(a). The provision at issue in this case, section 1132(a)(1)(B), provides that a beneficiary may bring a federal civil action

---

**2.** Initially, Plaintiff filed a class action Complaint on June 20, 2002, on behalf of herself and "all other persons similarly situated." (*See* Complaint at 1.) On September 19, 2002, Plaintiff filed a one count Amended Complaint deleting the class allegations and the jury demand included in the original Complaint. The Court's discussion addresses the allegations contained in the Amended Complaint.

"to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[3]

 ERISA itself does not set forth a specific standard for reviewing denials of benefits challenged under section 1132(a)(1)(B). However, in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court concluded that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone,* 489 U.S. at 115, 109 S.Ct. 948. The First Circuit has interpreted *Firestone* to mean that "district courts do not have expansive plenary jurisdiction to decide the merits of a claim anew ... if the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Recupero v. New Eng. Tel. & Tel. Co.,* 118 F.3d 820, 828 (1st Cir.1997) (internal citations and quotations omitted). Under such circumstances, the court has jurisdiction only to review the out-of-court decision, determine whether it was arbitrary and capricious, and then either affirm the decision or remand the case back to the out-of-court decision-maker for further consideration. *Id.,* at 830–31.

Here, the SPD issued by the Plan provides that "[t]he Plan Administrator and the Life Insurance Company of North America shall have the power to ... construe and interpret the Plan whenever necessary to carry out its intent and purposes and to facilitate its administration." (*See* Decl. of Counsel in Supp. of Def.'s Mot. at Ex. B (Docket # 15).)[4] Defendant argues that this language affords it sufficient discretionary authority. As such, Defendant requests that the Court rule that Defendant's decision to deny disability benefits is subject to the deferential arbitrary and capricious standard of review.

 The Court, however, lacks the authority under Article II of the United States Constitution to issue such an order. Pursuant to Article III, a federal court's subject matter jurisdiction is limited to cases and controversies. U.S. CONST. art. III, § 2; *United States Nat'l Bank v. Indep. Ins. Agents of Am.,* 508 U.S. 439, 446, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993); *Rodos v. Michaelson,* 527 F.2d 582, 584 (1st Cir.1975). "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect

---

**3.** Although Plaintiff does not specify the statutory basis for her requested relief, the Court assumes from the allegations contained in Plaintiff's Amended Complaint that Plaintiff's request for "the present value of all future benefits," (*See* Amended Complaint at 7)., or, in the alternative, reinstatement of benefits is pursuant to section 1132(a)(1)(B). The Court's assumption is supported by the fact that Plaintiff does not contest Defendant's repeated characterization of her claim as one brought under this section.

**4.** Plaintiff concedes that this is a correct quote from the 1998 SPD. In her Statement of Undisputed Material Facts, however, Plaintiff points out that the 1998 version superseded an earlier 1996 version after she had already begun receiving disability benefits in November 1997. According to Plaintiff, the 1996 SPD was "silent on the subject of any authority." (*See* Pl.'s Statement of Undisputed Material Facts at ¶ 1). As Defendant states, however, the decision for which Plaintiff seeks review, the termination of benefits, occurred in February 2002. Accordingly, the Court looks to the language included in the 1998 SPD in discussing the issues presented in this case.

the rights of litigants in the case before them." *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (internal citations and quotations omitted). Its judgment must resolve "a real and substantial controversy admitting of specific relief . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*

Notwithstanding its argument, Defendant does not ask the Court to apply the appropriate standard in reviewing the termination of Plaintiff's disability benefits. Specifically, Defendant never requests that the Court find it was neither arbitrary nor capricious in denying Plaintiff's claim. In fact, the only redress Defendant seeks is a mere declaration that the arbitrary and capricious standard applies to situations, such as this, where the benefit plan affords the administrator or fiduciary sufficient discretionary authority to determine eligibility or construe the terms of the plan. Defendant's request for partial summary judgment, therefore, represents nothing more than a request for an advisory opinion. The Court lacks the power under Article III to issue such an opinion and, therefore, declines to do so.

### B. Partial Judgment on the Pleadings

The Court now addresses whether Defendant is entitled to partial judgment on the pleadings as to Plaintiff's demand for relief. The Court examines Plaintiff's claim to the present value of all future benefits before addressing Plaintiff's constitutional argument.

#### 1. Present Value of Future Benefits

■ Plaintiff's Amended Complaint seeks relief in the form of "the present value of all future benefits under [her] long-term disability plan." (*See* Am. Compl. at 7). Defendant argues that ERISA does not authorize such an award. The Court agrees.

■ An award of future benefits not yet accrued violates ERISA's purely compensatory remedial scheme. *See Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 620 (6th Cir.1998) (finding that an award of interest calculated on the present value of future benefits would overcompensate the plaintiff because the plaintiff was not yet entitled to the benefit). Furthermore, no ERISA provision permits the Court to predict the future in order to fashion appropriate relief under the statute. Given that the circumstances affecting a claimant's eligibility for benefits may change, the insurance plan's administrator retains the authority to evaluate continuing eligibility. *See, e.g., Welsh v. Burlington N., Employee Benefits Plan,* 54 F.3d 1331, 1340 (8th Cir.1995) (affirming the district court's declaration that plaintiff "is entitled to disability benefits in the future for as long as he is disabled," but noting that "nothing prevents the health insurance plan from evaluating whether [plaintiff] continues to be disabled in the future"); *Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 697 (7th Cir.1992) (finding that it was not an abuse of discretion by the district court to order reinstatement of plaintiff's benefits, but noting that the plan administrator "remains free in the future to initiate further review of [plaintiff's] continuing eligibility for long-term disability benefits"); *Williams v. UNUM Life Ins. Co. of Am.,* 940 F.Supp. 136, 142 (E.D.Va.1996) (stating that an award of future benefits is not typically available under ERISA, but that if a claimant prevails in her claim for benefits, she may obtain a declaratory judgment providing that she is entitled to future disability benefits as long as circumstances concerning her eligibility do not change).

Here, Plaintiff is not yet entitled to future benefits. In fact, no evidence suggests that the circumstances affecting Plaintiff's eligibility status will not change. As such, the Court rejects Plaintiff's request for the present value of all potential future benefits. To do otherwise would be to unfairly reward Plaintiff, while penalizing Defendant by awarding Plaintiff benefits to which she is not yet entitled. As such, the Court grants Defendant's motion for partial judgment on the pleadings as to this issue.

### 2. Review by Independent Source

In addition to requesting the present value of all future benefits, Plaintiff refers to section 1133(2) [5] and complains that she never received a "full and fair review" of Defendant's decision to deny disability benefits. Rather, Defendant "retained complete control over the review process even though it had a substantial financial interest in the outcome." (*See* Pl.'s Objection to Def.'s Mot. at 7 (Docket # 17).) Plaintiff, therefore, requests that the Court order Defendant "to submit any future reviews of [her] claims to a completely independent outside source with no financial interest in the outcome, for example, various kinds of neutral dispute resolution groups." (*See* Am. Compl. at 7 (Docket # 8).) According to Plaintiff, section 1133(2) is constitutional only if read

to provide for a full and fair review by a "truly independent" ERISA fiduciary. (*See* Pl.'s Objection to Def.'s Mot. at 7 (Docket # 17).) The Court finds Plaintiff is not entitled to her requested relief.

■ Due process requires that there not be a financial conflict of interest between any person exercising adjudicatory authority under the law and the person who is the subject of that authority. *See Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986); *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Ward v. Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927). In ERISA cases, however, the administrator's status as the source of funding does not create a conflict of interest so serious as to preclude the administrator from acting as the reviewing authority. *See Doyle v. Paul Revere Life Ins. Co.*, 144 F.3d 181, 184 (1st Cir.1998). Although undertaking a role as both administrator of claims and the payer of benefits creates a conflict of sorts, the "market presents competing incentives to the insurer that substantially minimize the apparent conflict." *Pari–Fasano v. ITT Hartford Life & Accident Ins. Co.*, 230 F.3d 415, 418 (1st Cir.2000).

Here, Plaintiff presupposes that Defendant employed improper methods in denying her claim for the sake of saving money.

---

**5.** Section 1133(2) states that "every employee benefit plan shall afford a reasonable opportunity to any participant whose claims for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). In addition, section 1002(21)(A) defines "fiduciary" as any person to the extent:

 (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,

 (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or

 (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21)(A).

Plaintiff argues that Defendant cannot make benefit determinations given that Defendant also pays the benefits upon its approval of the claim. The mere showing that Defendant decided which claims it would pay, however, is not enough to prove a conflict of interest sufficient to render Defendant's review procedures unconstitutional.

Moreover, the very statute upon which Plaintiff bases her argument only entitles her to a review by "the appropriate named fiduciary," 29 U.S.C. § 1133(2), not a full and fair review by outside arbitrators. Under common and long-standing doctrines of statutory construction, the "starting point for interpretation of a statute is the language of the statute itself." *Arnold v. UPS*, 136 F.3d 854, 857 (1st Cir.1998) (internal quotations and citations omitted). If the meaning of the language is clear, the court's inquiry need go no further. *United States v. Davis*, 261 F.3d 1, 61 (1st Cir.2001). The plain meaning of a statute's text must be given effect "unless it would produce an absurd result or one manifestly at odds with the statute's intended effect." *Parisi v. Chater*, 69 F.3d 614, 617 (1st Cir.1995).

Here, the meaning of section 1133(2) is clear. The provision can only be interpreted to require ERISA plans to provide for full and fair review by a fiduciary. Fiduciaries, as provided in section 1002(21)(A), may include plan administrators. Furthermore, this is not a situation where the Court can conclude that section 1133(2), as drafted, is either absurd or unreasonable on its face or that the provision for review by a fiduciary is incompatible with the overall scheme. Had Congress not intended for the term "fiduciary," contained in section 1133(2), to be interpreted as defined in section 1002(21)(A), it could very easily have adopted appropriately indicatory language. The fact that Congress did not do so supports the Court's finding that Congress intended to limit Plaintiff's right to a full and fair review.

Finally, Plaintiff fails to show that Defendant's process of reviewing administrative appeals under section 1133(2) is subject to constitutional scrutiny. Generally, the Constitution's procedural due process safeguards are triggered only by conduct that constitutes state action. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Conduct of a private entity amounts to state action when it acts in a judicial or quasi-judicial capacity pursuant to a legislative delegation of authority. *See Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 617, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). Plaintiff argues that Defendant denied her constitutional right to due process by failing to afford her an unbiased review of its decision to deny her benefits claim. Plaintiff's argument, however, is misplaced.

ERISA does not delegate any adjudicative functions to an otherwise private party. Namely, ERISA does not mandate that a particular entity perform any specific task or create presumptions with regard to any entity's determinations. *See* 29 C.F.R. 2560.503–1(h), (i). Rather, ERISA merely imposes "minimum standards" on those performing reviews of initial adverse benefit determinations. *See Brown v. Ret. Comm. of Briggs & Stratton Ret. Plan*, 797 F.2d 521, 527–528 (7th Cir. 1986) (internal citations omitted). Absent the requisite legislative delegation of adjudicative authority, Defendant's conduct remains that of a private, rather than state, actor. *See id.; see also Grossmuller v. Int'l Union, U.A.W.*, 511 F.Supp. 709, 711 (E.D.Pa.1981) (rejecting ERISA plaintiff's allegation of state of action as "frivolous").

Accordingly, the Court rejects Plaintiff's constitutional argument and finds that Plaintiff is not entitled to have her claim for benefits reviewed by "neutral dispute resolution groups" or any other "independent outside source."

## IV. CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for Partial Summary Judgment (Docket #13) and GRANTS Defendant's Motion for Partial Judgment on the Pleadings (Docket #13).

SO ORDERED.